JOHN MOUSELY, def't. b. *vs*. REUBEN J. ALLMOND, pl'ff. b.

There may be a *second* adjournment of a cause before a justice of the peace, without application from either party, but the record should show the cause for such adjournment.

The oath against a defendant's freehold must be made within two days after judgment rendered, to deprive him of a stay of execution.

CERTIORARI.

Record. " Summons issued July 1st, 1843, returnable July 8th;

parties appeared and plaintiff appealed to referees, who were appointed and summoned for Saturday, July 22d, when the parties and referees appeared and went to trial, and the referees asked an adjournment, being unable to proceed in consequence of the bad conduct of defendant. Adjourned to Friday, the 28th, when the referees and parties appeared and proceeded with the trial. Report and judgment for plaintiff for $32. August 19th, 1843: plaintiff makes oath against defendant's freehold, and fear of loss according to law; whereupon, execution issued."

The exceptions were—1st. That the *second* adjournment was illegal, being made without oath or affirmation of either party that he was. not prepared for trial. (*Dig.* 332, *sec.* 4.) 2d. That the execution was illegal, being issued against a freeholder on an oath against his freehold, made more than two days after judgment. (*Dig.* 338, *sec.* 13.)

*By the Court.*—The second adjournment in this case was made by the justice, not on the application of either party, but on his own motion at the suggestion of the referees, who considered it necessary for a fair trial of the cause. It was made also under circumstances of interruption, and misconduct on the part of the defendant, which would operate beneficially to him if he should now be permitted to take advantage of his own wrong by objecting to the adjournment, which his misconduct occasioned. But apart from this, the first clause of the 4th section gives power to the justice to adjourn the case from day to day, as shall be necessary for a fair trial; and where the record shows this, we apprehend the proceeding is legal, though the second adjournment should not be granted on the application or oath of either party.

2. The second exception raises a new question as to the time within which oath must be made against the defendant's freehold, so as to deprive him of the legal stay of execution. The provision is, that in case of a judgment for more than $5 33 against a freeholder of the county, there shall be a stay of six months, unless he shall waive his privilege, or unless the plaintiff or some one for him, shall make oath or affirmation that he has good ground to believe, and does verily believe, that if the stay of execution for six months be allowed, the sum due by the judgment will be lost; and if a freeholder, in relation to whom oath shall be made as aforesaid, shall, within two days after the day of giving such judgment, give sufficient security to pay the judgment, there shall be a stay of execution for nine months. The question is, whether under this section an oath

against the freehold may be made after two days from the rendition of judgment.

The question in relation to the stay of execution necessarily arises at the time of giving judgment. If the defendant be a freeholder he has a right to the stay unless oath be made, and this is a matter for immediate decision; for provision is made in the latter part of this section for issuing execution even within the two days, to be superceded by security afterwards given. It is for the justice to decide on rendering judgment, whether the defendant is entitled to a stay; and that decision must be made within such time as shall not be prejudicial to the other party. But the act of assembly allows the defendant two days after the date of the judgment to give security, and avoid the effect of the oath against his freehold, of which he would be deprived if such oath could be made *after* the expiration of the two days. The plaintiff is therefore restricted by the necessary construction of the act, taking both clauses together, to two days from the date of the judgment, if he would make oath against the defendant's freehold, and deprive him of the legal stay.

Judgment affirmed. Execution set aside.

*Rogers, jr.*, for plaintiff.
*Whitely*, for defendant.